## THOMSON *et al. v.* SMITH & GRIGGS MANUF'G CO. *et al.*

*(Circuit Court, D. Connecticut. May 17, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—OVERSHOE BUCKLE.

Claims 1, 2, and 3 of letters patent No. 326,357, to J. J. Unbehend, dated September 15, 1885, are for the tongue of a buckle for overshoes, hinged between two plates, and guards across the edges of the plates in front and rear of the hinge-pin of the tongue. The invention was an improvement on Unbehend's prior patent, No. 305,410, September 16, 1884, which was for a buckle having a tongue hinged between the leaves of a double flexible plate by a cam-shaped hinge-pin entering between the plates, and having its bearings in transverse recesses closed in front. The improvement consisted in the guards to retain the hinge-pin in place, and to prevent lateral displacement of the plates in reference to each other. In defendant's buckle the inside edges of the lower plate are turned upward, and form flanges, in each of which a notch is made, opening upward, and the laterally-projecting pivots of the tongue rest in the notches as their bearings. *Held,* that the guards in the Unbehend buckle must be in addition to the hinging device, and, as there are no guards in addition to the hinging device in defendant's buckle, there is no infringement.

In Equity.

Suit by Judson L. Thomson & Co. against the Smith & Griggs Manufacturing Company and another.

*George W. Hey* and *William E. Simonds,* for plaintiffs.

*George E. Terry,* for defendants.

SHIPMAN, J. This is a bill in equity to restrain the defendants from the alleged infringement of letters patent No. 326,357, dated September 15, 1885, to Jacob J. Unbehend, for an improved spring-clasp or buckle for "Arctic" overshoes. The opinion upon the motion in this case for a preliminary injunction recited the first five claims of the patent, contained a description of the patented and the defendant's devices, stated wherein the patented device was an improvment upon that described in the patentee's earlier patent, and pointed out what was thought to be a radical difference between the buckles which are the subject of this controversy. 32 Fed. Rep. 791. It will not be necessary to repeat the descriptive part of these details.

Upon this hearing, the validity of the fourth and fifth claims was not urged. The sole question is that of infringement of the first three claims, and the decision of the question rests upon the construction which shall be placed upon them. The first and broadest claim is in these words:

"In a clasp, the tongue hinged between two plates, and guards across the edges of the said plates, in front and rear of the hinge-pin of the tongue, substantially as and for the purpose set forth."

The plaintiff contends that the only limitations to be placed upon the literal meaning of this language and of kindred language in the two other claims are that the two plates are to give spring action to the tongue, and that the hinge-pin is to be cam-shaped. Thus construed, or, in other words, if it is immaterial how the tongue is hinged between the two plates, whether in bearings like those of the patented buckle, or

whether the so-called guards are themselves the only bearings, the defendant's buckle is an infringement. The invention was an improvement upon Unbehend's patent, No. 305,410, dated September 16, 1884, which was for a buckle having a tongue hinged between the leaves of a double flexible plate by a cam-shaped hinge-pin entering between the plates, and having its bearings in transverse recesses closed in front. The same patentee had also another patent, No. 336,769, dated February 23, 1886, but which was applied for on May 26, 1885, before the application for the patent in suit, which was also for a buckle having a hinge-pin which had its bearings in similar recesses between two superimposed plates. The improvement described in the first three claims of patent No. 326,357 consisted in the addition of guards across the side edges of the flexible portion of these plates to retain the hinge-pin in its proper bearings in the plates, and also to prevent lateral displacement of the plates in relation to each other. The specification says:

"In order to prevent the hinge-pin, *m*, from slipping out of the depressions or bearings, *b, b,* I arrange guards, *r, r,* across the edges of the flexible portions of the plates adjacent to the openings, *a, a,* and respectively in front and rear of the hinge-pin, said guards being formed of lips," etc.

From the history of the invention, and from the language of the specification, it is plain that the expression "the tongue hinged between two plates" means by a separate hinging device, which holds the tongue independently of the guards. The tongue is hinged, if there were no guards. The guards are in addition to the hinging devices, and are to protect and hold the tongue in its bearings. This was the precise improvement for which the first three claims of No. 326,357 were granted, and it is not important that Unbehend had previously made a buckle in which the bearings for the tongue were formed in notches cut in the upturned edges of the bottom plate, with the tongue lying between the plates, for that form of buckle he discarded, because, in japanning, the japan flowed between the plates, and thereafter adopted the transverse closed recesses and the guards, and in the patent now under consideration, described as his improvement, the guards which prevented the hinge-pin from slipping out of the recesses. The reason why, upon this construction, the defendant's buckle is not an infringement, is stated in the former opinion. In the complainant's buckle the hinging device must be separate from the guard. In the defendant's buckle the pin is hinged in notches, which are the only part upon which the hanging of the lever depends, and there are no guards in addition to the hinging devices. The bill is dismissed.